THOMAS E. FRENCH, RECEIVER, &c., v. AVALINDA HIGGINS, DEVISEE, &c.

Argued November 8, 1900—Decided February 25, 1901.

1. On a trial of a Supreme Court issue at Circuit before the justice holding the Circuit, upon agreed facts, and without a jury, a jury being waived by consent, the finding of the justice upon the agreed facts takes the place of the verdict of the jury and judgment was rightly entered on the *postea.*
2. The fact that a case is tried at the Circuit by the justice without a jury, and by consent, on the record sent down, and on agreed facts, does not make it a case tried at bar—it is still a Supreme Court issue, tried at Circuit.
3. The method for review pointed out.

On contract. On motion to open judgment for a hearing at bar.

Before Justices VAN SYCKEL and FORT.

For the motion, *John J. Crandall.*

*Contra, Samuel H. Richards.*

Memoranda of the court by

FORT, J. This is a motion to open a judgment entered on a *postea* in the above-entitled cause and to hear the case here as if tried at bar and to pronounce judgment thereon.

This case was tried at the Camden Circuit, before a justice of the Supreme Court holding that Circuit, by consent, a jury being waived. It appears that in lieu of evidence the case was submitted upon agreed facts.

It was the duty of the judge to make a determination upon the agreed facts precisely as if the facts so agreed upon were the result of his own findings from the evidence of witnesses taken in open court before him.

The only possible criticism on the *postea* returned is in the fact that the agreed facts are returned as a part of it, while, as a matter of fact, they are no rightful part thereof.

Evidence taken in a cause is no part of the *postea,* nor are the names of the witnesses sworn.

The fact that a case is tried at the Circuit on the record sent down on agreed facts does not make it a case tried at bar—it is still a Supreme Court issue, tried at Circuit.

The finding upon the agreed facts by the justice takes the place of the verdict of the jury, and the judgment was rightly entered on the *postea.*

Upon the justice reporting his findings, either of two courses is open for the review thereof—*first,* apply, within six days, for a rule to show cause why a new trial should not be granted, which, if allowed, will be heard by the Supreme Court as in the case of a verdict; or *second,* take a writ of error to the Court of Errors to review the errors of law upon the exceptions taken at the trial or to the conclusions of law of the justice which have been allowed and sealed. *Columbia Delaware Bridge Co.* v. *Geisse,* 9 *Vroom* 39 ; *Mott* v. *Mills,* 30 *Id.* 15.

The application is denied.